UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61345-CIV-Lenard/Garber

MONICA J. DENNIS,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendants.
_____/

## ORDER

THE COURT has received the plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 40] and defendant's response in opposition [DE 48].

Plaintiff is the prevailing party in this cause based upon claims alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (FDCPA) and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* (*FCC*PA). Plaintiff's complaint also based claims upon the Telephone Consumer Protection Act, 47 U.S.C §227 *et seq.* (TCPA). Plaintiff's claim for fees and costs excludes any services rendered pursuant to the TCPA since the statute does not authorize the awarding of fees for such claims. Plaintiff has appropriately eliminated and excluded fees based upon 7 hours and 35 minutes attributable to the TCPA claim.

The defendant's claim that fees based upon legal work performed pursuant to the claim under TCPA should be disallowed; such claim has been acknowledged by the plaintiff who has waived any claim for fees for 7+hours attributable to the FTCA issue.

Defendant further asserts that the fees sought by the plaintiff should be substantially reduced because of the allegations relating to a TCPA which does not provide for an award of fees. The Court finds that plaintiff's legal services provided would have required the same effort notwithstanding the TCPA claim for which no claim for fees has been made.

The plaintiff prevailed on all of her claims but the defendant asserts that the fees should be reduced since one of the claims did not have a statutory fee provision. A similar issue was considered in *Lawrence M. Sclafani v. I.C. System, Inc.*, 09-60174-CIV-Huck/O'Sullivan (S.D.Fla. March 18, 2010). Magistrate Judge O'Sullivan, in *Sclafani*, held that none of the fees requested by the plaintiff were incurred after a disposition of the FDCPA claim, thus strongly implying that fees awarded for the litigation up to the point the TCPA claim was removed, would be no different regardless of the presence of the TCPA claim. In *Sclafani,* the FDCPA and FCCPA claims were settled and the remaining TCPA claim proceeded to trial. Plaintiff had not sought fees on the TCPA claim.

The defendant claims that the Motion for an Award of Costs and Attorney's Fees is untimely, having been filed beyond the 30 days from the entry of Final Judgment. The Court, in its exercise of discretion, finds that the Motion, although filed late, will be considered by the Court.

The defendant further claims that plaintiff's Motion fails to set forth the specific time expended for specific legal services. The Court disagrees since plaintiff has supported her Motion with a breakdown of those legal services rendered, as set forth in her Exhibit A, together with the time spent on such matters. The Court has reviewed Exhibit A and finds that it clearly sets forth those matters for which fees are sought and the time attributed to each. The Court further finds that those items for which fees are sought were for legal

services that were reasonable and necessary. The Court sees no need to specifically designate which services relate to work on the FDCPA or the FCCPA claims since plaintiff's claim for fees on both is appropriate.

The Court has also considered the Declaration of Scott D. Owens as to Reasonable Attorneys Fees [DE 43]. Mr. Owens's practice is devoted to consumer debt collection defense. In said Declaration, Mr. Owens has appropriately considered *inter alia* time and labor required, novelty and difficulty of the issues involved and skill necessary to render the legal services; the likelihood of preclusion of other employment by involvement in the cause *sub judice*; fees charged in the locality for similar legal services; amount involved and results obtained; the nature and length of the professional relationship with the client; experience, reputation and ability of the lawyer performing the services; and whether the fee is fixed or contingent. Mr. Owens opines that an hourly rate of $300.00 is reasonable and appropriate.

Plaintiff's counsel seeks attorney's fees at a rate of $300.00 per hour, which the Court finds to be reasonable, for legal services that are necessary, and customary in this community for counsel's expertise in this type of litigation. However, the Court finds that mediation fees are not recoverable and accordingly the sum of $300.00 for such costs is disallowed.

Plaintiff's counsel, after having eliminated claims for attorneys fees under TCPA, claims to have expended a total of 22.49 hours in this cause. The Court finds that such expended time is reasonable and necessary. The Court further finds that costs in the amount of $460.00 (after elimination of mediation costs) are appropriate. Accordingly, and upon due consideration, it is hereby

ORDERED that plaintiff's Verified Motion for an Award of Costs and Attorney's Fees is GRANTED as follows:

1. Plaintiff shall recover from the defendant as and for reasonable attorney's fees, the sum of $6,747.00;

2. Plaintiff shall further recover from the defendant the additional sum of $460.00 for necessary and reasonable costs.

The aforesaid total amount of $7,207.00 shall be paid by defendant on or before twenty (20) days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 14th day of September, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE